UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cr-00251-TWP-MJD-13 |
| DAVID SILNES, | ) |
| Defendant. | ) |
| CAROLE JENSEN, | ) |
| Claimant. | ) |

## ORDER GRANTING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CLAIMANT JENSEN'S CLAIM

This matter is before the Court on Plaintiff United States of America's ("the Government") Motion to Strike Claim and for Summary Judgment (the "Motion") (Dkt. 1543) as to *pro se* Claimant Carole Jensen's ("Jensen") Verified Statement of Claim and Interest (the "Claim") (Dkt. 1526). In this ancillary proceeding, Jensen seeks possession of two motorcycles seized by the Government in this criminal case. The Government moves to strike Jensen's Claim pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A) and for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Government's Motion for Summary Judgment is **granted**, and Jensen's Claim is **dismissed**.

### I.   BACKGROUND

This case arose from a federal investigation into a violent drug trafficking organization based in Indianapolis, Indiana (Dkt. 1544 at 1). Defendant David Silnes ("Silnes") was indicted by a federal grand jury on November 15, 2016, along with 15 co-defendants, and charged with Count One: Conspiracy to Possess with Intent to Distribute Controlled Substances (Dkt. 12).

Silnes was identified as one of the organization's suppliers. *Id.* Jensen was Silnes' girlfriend at the time. (Dkt 1544 at 1.) On November 17, 2016, search warrants were executed at multiple locations associated with the drug trafficking organization, including Silnes' residence and Jensen's residence. *Id*. During the search of Jensen's residence, agents seized cash, firearms, drug paraphernalia, drugs, and the property now at issue: a 1995 Harley Davidson motorcycle, Asset Identification Number 17-FBI-000557 (the "1995 Motorcycle"), and a 1999 Harley Davidson motorcycle, Asset Identification Number 17-FBI-000558 (the "1999 Motorcycle") (together, the "Subject Motorcycles"). *Id.* ¶ 13.

The 1999 Motorcycle is registered to Silnes (Dkt. 1543-5 at ¶ 11). The title history reveals that Silnes purchased this motorcycle from Tracy Christine Quirino on July 9, 2016. *Id*. A registration inquiry into the license plate on the 1995 Motorcycle shows the 1999 Motorcycle, registered to Silnes (Dkt. 1544 at ¶ 17). The Certificate of Title for the 1995 Motorcycle revealed that it was purchased by one of Silnes' co-defendants, Jeffrey Rush ("Rush"), on November 2, 2016. *Id.*; (Dkt. 1543-5 ¶ 13). The 1995 Motorcycle was previously registered and titled to James E. Cutshaw ("Cutshaw"). The title records show that Cutshaw acquired the 1995 Motorcycle on May 7, 2005, with no liens listed. Federal agents spoke with Cutshaw's wife, who stated that the 1995 Motorcycle had been totaled and turned over to an insurance company in September 2016, before Rush purchased it (Dkt. 1543-5 at ¶ 14). Jensen's name did not appear on any of the documents associated with either Subject Motorcycle. *Id.* ¶ 14.

On December 20, 2017, the Government filed a Third Superseding Indictment which notified Silnes of the Government's intent to pursue forfeiture of property--including the Subject Motorcycles--pursuant to 21 U.S.C. § 853. (Dkt. 595.) On January 12, 2018, Silnes filed a petition to plead guilty (Dkt. 679), and on April 13, 2018, the Court accepted Silnes' plea and adjudged

him guilty (Dkt. 882). Pursuant to the terms of his plea agreement, the Court ordered that Silnes' interest in certain property, including his interest the Subject Motorcycles, was forfeited to the Government as part of his sentence. (Dkt. 1366.)

On March 2, 2023, the Court entered a Preliminary Order of Forfeiture and ordered the Government to publish notice of the Order, provide notice to any person other than Silnes who may have or claim to have a legal interest in the Subject Motorcycles, and require any claimant to file a petition with this Court within thirty days of the final publication of notice or of personal receipt of notice, whichever is earlier (Dkt. 1522). Notice was published from March 21, 2023, to April 19, 2023, in accordance with Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853(n)(1) (Dkt. 1543-1).

On April 6, 2023, Jensen filed her Claim (Dkt. 1526), swearing that she "owns both vehicles and asserts legal title to 100% of the property, and states that the property was acquired lawfully." *Id*. On May 11, 2023, the Government sent Jensen a certified letter acknowledging receipt of her Claim, asking for additional information, and requesting that she provide a copy of her Claim signed under penalty of perjury (Dkt. 1543-3). In a letter dated June 5, 2023, Jensen replied to the Government's requests, attaching her initial Claim, photographs of emails from the U.S. Department of Education regarding her Free Application for Federal Student Aid ("FAFSA"), and photographs of the Subject Motorcycles (Dkt. 1543-4). In her letter, Jensen claimed that one of the Subject Motorcycles was given to her and Silnes as payment for reconstruction and modeling work, and the other was purchased by her at an auction with her school financial assistance. She did not specify which motorcycle was obtained in which way. *Id.* at 1–2. Jensen did not provide any title or registration documents for either Subject Motorcycle, but she contends that the documents seized during the search would show her ownership interest. Jensen asserts that she

"put the motorcycle in David[']s name" and could not "get paperwork information from the BMV because [she is] not David Silnes." *Id.*

On November 8, 2023, the Government filed the instant Motion, seeking summary judgment in its favor because Jensen failed to satisfy the pleading requirements of 21 U.S.C. § 853 and failed to respond to discovery (Dkt. 1543). The Court gave Jensen until December 22, 2023, to file a response (Dkt. 1548). On December 21, 2023, Jensen filed an affidavit in response, stating that she purchased the Subject Motorcycles, that they were not purchased with drug money, and again asserting that documentation supporting her Claim was seized during the search of her residence (Dkt. 1559). The Government's Motion is now ripe for the Court's review.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Criminal Procedure 32.2(c)(1)(A)

Federal Rule of Criminal Procedure 32.2 allows third parties to file "a petition asserting an interest in the property to be forfeited" in a criminal case. Fed. R. Cr. P. 32.2(c)(1). If a petition is filed, the court must conduct an "ancillary proceeding," which "closely resembles a civil action." *United States v. Furando*, 40 F.4th 567, 575 (7th Cir. 2022). The court "may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Cr. P. 32.2(c)(1)(A). The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). If a petition does not "allege . . . all elements necessary for recovery . . . the court may dismiss the petition without providing a hearing." *Furando*, 40 F.4th at 577. To state a valid claim under § 853(n), a petitioner must establish by a preponderance of the evidence: (1) a legal interest in the property; and (2) an interest in the property that qualifies

4

either as a prior vested interest in the property under 21 U.S.C. § 853(n)(6)(A), or a bona fide purchase under 21 U.S.C. § 853(n)(6)(B).

**B.      Summary Judgment**

Pursuant to Rule 32.2(c)(1), a court may permit the parties to conduct discovery and move for summary judgment under Federal Rule of Civil Procedure 56. *Id.* Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). To oppose summary judgment as to forfeiture, a claimant must offer evidence sufficient to create a genuine dispute of fact. *See United States v. Knoll*, 785 F.3d 1151 (7th Cir. 2015).

### III.      DISCUSSION

The Government argues that Jensen has not demonstrated that she has a legal right, title, or interest in the Subject Motorcycles, or that she is a bona fide purchaser, as required by 21 U.S.C. § 853, and that there are no genuine disputes of material fact precluding summary judgment in the Government's favor. The Court agrees. In support of her Claim, she has submitted photographs of the Subject Motorcycles, copies of FAFSA emails, and her affidavit, in which she affirms that she purchased one of the Subject Motorcycles at auction with "financial aide (sic) money," and obtained the other Subject Motorcycle in exchange for "home repairs remodeling." (Dkt. 1559 at 1, ¶ 2.) However, the affidavit does not sufficiently describe the nature and extent of Jensen's legal interest in the Subject Motorcycles, or the time and circumstances of her alleged acquisition of the Subject Motorcycles. Likewise, the FAFSA emails and photographs do nothing to support her claim; neither show that she owns the Subject Motorcycles. Jensen's representation that documents seized by the Government demonstrate her ownership of the Subject Documents fails, because as

the Government has argued, those documents show that the Subject Motorcycles are owned by other individuals—namely, Rush and Silnes—and make no mention of Jensen (Dkt. 1544 at 5).

Jensen's professed ownership interest in the Subject Motorcycles is too conclusory to establish a superior title to that of the Government. Similar conclusory claims have been dismissed by other courts. *See United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (citing *United States v. Fabian*, No. 11-cr-157, 2013 WL 150361 (W.D. Mich. Jan. 14, 2013); rejecting claim that did not identify the nature or extent of purported rights, or describe the time and circumstances of the claimant's acquisition of rights); *United States v. Akhtar*, No. 17-2339, 2018 WL 5883930, at *2 (6th Cir. Sept. 19, 2018) (finding that claimant's assertion that certain funds "were derived from [the claimant's] employment and from services that she provided" were "too conclusory to establish a claim to superior title to the funds"); *United States v. Chang*, No. 2:19-mc-51797-SFC-APP, 2020 WL 1083777, at *3 (E.D. Mich. Mar. 6, 2020) (finding that claimants did not assert more than a conclusory interest in property by alleging that they acquired their respective interests at an unspecified point by performing unspecified computer or clerical work).

"Under Indiana law, ownership of personal property is determined by reference to the indicia such as title, possession, and control." *United States v. Bowser*, 834 F.3d 780, 784 (7th Cir. 2016). Although the Subject Motorcycles were found at Jensen's residence, no evidence shows that she holds any legal interest in the Subject Property, and the evidence offered by the Government disproves her Claim. Because Jensen has failed to prove by a preponderance of the evidence that she has any right, title, or interest in the Subject Motorcycles, and has failed to create any genuine dispute of material fact, the Government is entitled to summary judgment.

Jensen has not requested a hearing, and her Claim does not allege all elements necessary for recovery, therefore, the Court may dismiss her petition without providing a hearing. For the

same reasons the Court has determined the Government is entitled to summary judgment, the Court finds that Jensen has failed to establish by a preponderance of the evidence that she has a legal interest in the Subject Motorcycles, and has failed to show an interest in the property that qualifies either as a prior vested interest in the property under 21 U.S.C. § 853(n)(6)(A), or a bona fide purchase under 21 U.S.C. § 853(n)(6)(B). Jensen has not shown that she has an interest that is superior to the Government's interest, therefore her Claim is **dismissed**.

### IV. CONCLUSION

For the reasons explained above, the Government's Motion to Strike Claim and for Summary Judgment, Dkt. [1543], is **GRANTED in part** in that summary judgment is entered in favor of the Government.[1] Jensen's Verified Statement of Claim and Interest, Dkt. [1526], is **DISMISSED**.

**SO ORDERED**.

Date: 8/6/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Carole Jensen
7606 Eagle Valley Pass
Indianapolis, Indiana 46214

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
Brian.reitz@usdoj.gov

Colin Clark
UNITED STATES ATTORNEYS' OFFICE
colin.clark@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov

---

[1] The Government asks the Court to strike Carole Jensen's claim pursuant to Federal Rules of Criminal Procedure Rule 32.2(c)(1)(A), however, that provision does not provide that the claim be stricken.